Filed 5/12/16  P. v. Berry CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GLORIA SUE BERRY,<br><br>Defendant and Appellant. | F069681<br><br>(Super. Ct. No. 12CM7085)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  James LaPorte, Judge.

Catherine White, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Kane, J. and Peña, J.

Defendant Gloria Sue Berry was convicted by jury trial of felony possession of controlled substances in prison (Pen. Code, § 4573.6; count 1),[1] felony possession of drugs or alcoholic beverage in prison (§ 4573.8; count 3), and misdemeanor transportation of marijuana (Health & Saf. Code, § 11360, subd. (b); count 5). The trial court sentenced her to a two-year term in county jail on count 1, a stayed prison term on count 3, and a $100 fine on count 5. On appeal, the parties agree that defendant's convictions on counts 1 and 3 were based on the same act of possessing 24 plastic baggies of marijuana in her car at the state prison, and that the conviction on count 3 must be reversed. We concur and reverse the conviction on count 3.

## DISCUSSION

In *People v. Rouser* (1997) 59 Cal.App.4th 1065 (*Rouser*), the defendant was convicted under section 4573.6 of two counts of possession of a controlled substance in a state prison when methamphetamine and heroin were both found in his cell at the same time and in the same location. (*Rouser, supra*, 59 Cal.App.4th at p. 1067.) Section 4573.6 states in part: "Any person who knowingly has in his or her possession in any state prison … any controlled substances, … any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same … is guilty of a felony …." Focusing on the use of the term "any" in section 4573.6, the appellate court in *Rouser* concluded that "contemporaneous possession in a state prison of two or more discrete controlled substances … at the same location constitutes but one offense under Penal Code section 4573.6." (*Rouser, supra*, at p. 1067; *id.* at pp. 1069-1070.)

In this case, defendant was charged under two different statutes, sections 4573.6 and 4573.8, for simultaneous possession of marijuana at a state prison. Section 4573.8,

---

[1] All statutory references are to the Penal Code unless otherwise noted.

which is very similar to section 4573.6, provides in part: "Any person who knowingly has in his or her possession in any state prison … any device, contrivance, instrument, or paraphernalia intended to be used for unlawfully injecting or consuming drugs, or alcoholic beverages, without being authorized to possess the same … is guilty of a felony." We conclude it would be anomalous to preclude multiple convictions for simultaneous possession of different items of contraband under section 4573.6, as in *Rouser*, but allow multiple convictions when the defendant is charged with simultaneous possession of contraband under both sections 4573.6 and 4573.8. In addition, section 4573.8 is general and section 4573.6 is specific, and thus the former includes the discrete acts covered by the latter. (*People v. DeLaCruz* (1993) 20 Cal.App.4th 955, 958 ["Prosecution under a general statute is precluded when the facts of the alleged offense parallel the acts proscribed by a special statute."].)

For these reasons, we agree with the parties that the conviction on count 3 must be reversed.[2]

## DISPOSITION

The conviction on count 3 for felony possession of drugs or alcoholic beverage in prison (§ 4573.8) is reversed. The superior court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

---

[2] Having reversed defendant's conviction on count 3, we need not address her equal protection claim.

3